# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY MITCHELL AND** | **CIVIL ACTION** |
| **LAURA MITCHELL** | |
| **VERSUS** | **NO: 15-15** |
| **ACE AMERICAN INSURANCE** | **SECTION: "S" (5)** |
| **COMPANY, ACE HARDWARE** | |
| **CORPORATION, AND** | |
| **CHARLES DALE** | |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default and/or Remand (Doc. #22) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion for entry of default, or alternatively, motion to remand filed by plaintiffs, Larry and Laura Mitchell. Plaintiffs argue that a default should be entered against defendant, Charles Dale, because he has been properly served and failed to file any responsive pleadings. Plaintiffs also argue that this matter should be remanded to the state court due to procedural defects in defendants' notice of removal. Specifically, plaintiffs contend that Dale did not consent to removal.

On November 17, 2014, plaintiffs filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana against defendants, Ace American Insurance Company, Ace Hardware Corporation and Charles Dale, seeking damages stemming from an automobile accident. Plaintiffs allege that on March 25, 2015, Larry Mitchell was injured when Dale, who was operating a vehicle owned by Ace Hardware and insured by Ace American, collided with Larry Mitchell's vehicle.

On January 6, 2015, defendants removed this suit to the United States District Court for the Eastern District of Louisiana alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332. Defendants represented in the Notice of Removal that all of the defendants joined in the removal.

On December 2, 2015, the defendants filed a motion to withdraw Dale's name from the answer because the attorneys did not have authority to represent him. The court granted the motion on January 20, 2016.

On January 21, 2016, the court issued an Order for plaintiffs to show cause why their claims against Dale should not be dismissed for failure to properly serve him. On February 1, 2016, plaintiffs' counsel filed a affidavit of service purporting to prove that Dale had been properly served. On February 24, 2016, the court issued an Order directing plaintiffs to move for entry of default against Dale or show cause why their claims against Dale should not be dismissed for failure to prosecute, noting that the record reflects that Dale was served but did not file any responsive pleadings.

On February 26, 2016, plaintiffs filed the instant motion for entry of default against Dale, or alternatively, motion to remand. Plaintiffs argue that a default should be entered against Dale because he has been properly served, but has not filed any responsive pleadings. Alternatively, plaintiffs argue that this matter should be remanded to the state court because there was a procedural defect in the removal. Plaintiffs argue that the Notice of Removal misrepresents that all of the defendants concurred in the removal because the attorneys did not have authority to represent Dale. They contend that the motion to remand is timely because they did not know about the procedural defect until the court issued the February 24, 2016, Order.

Defendants argue that an entry of default against Dale is inappropriate because he filed an answer on April 19, 2016.  Further, defendants argue that plaintiffs' motion to remand should be denied as untimely because it was filed more than 30 days after the Notice of Removal, or plaintiffs should have known about the alleged procedural defect on December 2, 2015, when the defendants moved to withdraw Dale's name from the answer, or at the latest on January 20, 2016, when the court granted the motion to withdraw Dale's name from the answer.

## ANALYSIS

**I.    Default Against Dale**

Rule 55 of the Federal Rules of Civil Procedure provides that a party's default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Dale filed an answer after plaintiff's filed their motion for entry of default.  Thus, Dale is defending the suit, and an entry of default is inappropriate.  Plaintiffs' motion for entry of default against Dale is DENIED.

**II.    Remand**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  The United States Court of Appeals for the Fifth Circuit has "conclude[d] that the statutory language is unambiguous, and therefore must be enforced according to its terms." BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 471 (5th Cir. 2012) (citations omitted).  Thus, the court held that the central inquiry in the timeliness analysis under § 1447(c) is "whether the remand motion satisfies the 30-day requirement." Id. (The court stated that a particular procedural defect

3

could be raised more than 30 days after removal, as long as the motion to remand was filed within the 30-day window provided by § 1447(c)). "After the expiration of the 30-day period following the filing of the removal notice, the right to object to nonjurisdictional defects in the removal process is considered waived." 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (4th ed. 2016).

Plaintiffs argue that this matter should be remanded because Dale did not consent to the removal. This is a procedural defect. See Farmland Nat'l Beef Packing Co. v. Stone Container Corp., 98 Fed. App'x 752, 756 (10th Cir. 2004). Thus, plaintiffs were required to file the motion to remand within 30 days of removal because the statutory language is enforce according to its terms. Defendants removed this matter on January 6, 2015. Plaintiffs filed their motion to remand more than a year later on February 26, 2016.

Plaintiffs argue that their motion to remand should be deemed timely because they could not file the motion until they knew that Dale was properly served, but did not consent to the removal, which plaintiffs argue was on February 24, 2016, when this court issued the order directing plaintiffs to move for entry of default against Dale or show cause of why their claims against Dale should not be dismissed. Even if the timing of plaintiffs' knowledge of the alleged procedural defect were relevant, plaintiffs have always contended that Dale was properly served, and should have known of Dale's non-consent on December 2, 2015, when defendants filed the motion to remove his name from the answer. The motion to remand was filed more than 30 days thereafter. Therefore, plaintiffs' motion to remand is untimely and is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default and/or Remand (Doc. #22) is **DENIED**.

New Orleans, Louisiana, this  26th  day of May, 2016.

```
                    MARY ANN VIAL LEMMON
                  UNITED STATES DISTRICT JUDGE
```